## B. HAYES *v.* I. HAYES.

The act of the Legislature of 28th April, 1853, authorizing trials before a member of the bar, in certain cases where the judge recuses himself, is unconstitutional, and judicial proceedings taken under and by virtue of said act, are null.

The nullity of a judgment, apparent on the face of the record, may be decreed by the Supreme Court, on appeal from such judgment.  C. P., 608-9.

APPEAL from the District Court of St. Landry.

*T. H. Lewis* and *Porter*, for plaintiff and appellant. *J. E. King*, for defendant.

SPOFFORD, J.   This is an action of slander.

The District Judge before whom it came up for trial having been of counsel for one of the parties, the cause was referred for trial to *B. A. Martel*, Esq., a member of the bar, in pursuance of the act of 28th April, 1853.   Sess. Acts, p. 211.

A jury was empanelled, who rendered an informal verdict, upon which a judgment was entered dismissing the suit, and decreeing the costs to be divided between the parties.   The judgment was signed by the recused Judge, in conformity to the act of 1853.

The plaintiff has appealed, and in this court he assigns as a cause for annulling the judgment, that all the proceedings are vitiated by reason of the unconstitutionality of the Act of 1853, under which they took place.

In the case of the *State* v. *the Judge of the Sixth Judicial District*, 9 An., 62, the act aforesaid was held to be unconstitutional, null and void.

The nullity of a judgment may be demanded from the court of appeal before which the appeal from such judgment was taken, while the appeal is still pending, and when the nullity is apparent on the face of the record.   C. P., 608-9.

It is therefore ordered that the judgment appealed from be annulled, and the cause remanded for a trial before the District Court, according to law, the defendant and appellee to pay the costs of this appeal.